IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MELVIN ANDREW SUTTON,          )
                                )
    Plaintiff,                  )
                                )
v.                              )   CV 111-015
                                )
DENNIS BROWN, Warden, et al.,  )
                                )
    Defendants.                 )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate formerly incarcerated at Augusta State Medical Prison located in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and was granted permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 3.) Thereafter, Plaintiff was released from incarceration, and in an Order dated February 24, 2011, the Court revoked his IFP status. (Doc. no. 7, p. 1.) In the same Order, the Court directed Plaintiff to submit the balance of the $350.00 filing fee or a new motion to proceed IFP within twenty-one (21) days if he wished to pursue his case. (Id. at 2.) Plaintiff was warned that if no response was timely received, the Court would presume he desired to have his case voluntarily dismissed and would recommend dismissal of his case without prejudice. (Id.) Plaintiff failed to respond, and on March 29, 2011, the Court granted Plaintiff an additional fourteen (14) days to comply with the Court's February 24, 2011 Order. (Doc. no. 8.) The time for responding has expired, yet Plaintiff has not submitted either the balance

of the filing fee or a new IFP motion.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with multiple court orders amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this /9th day April, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3